

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

February 20, 2023

**Via ECF**
The Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Bonilla v. Coffee & Green, Inc., et al.**
    **22-CV-5432 (SJB)**

Dear Judge Bulsara:

Our office represents Ramiro Bonilla ("Plaintiff") and we submit this motion jointly with counsel for Coffee & Green Inc. and Jay Gurung (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation held on January 30, 2023 before highly qualified and experienced mediator, James A. Brown, Esq.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

    a.    **The Settlement Amount**

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $35,000.00.

    b.    **Plaintiff's Position**

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that

he was employed as a food preparer, dishwasher and delivery worker for Defendants' business located at 21-06 36th Ave., Astoria, New York, 11373 and that he was not paid proper overtime rates of when required to work in excess of 40 hours and that his calculated hourly rate of pay fell below the applicable NYS minimum wage rate.

Plaintiff alleged that he was employed by Defendants from in or around September 2020 until in or around August 2022. Plaintiff further alleged that during his employment, he regularly worked six (6) days per week and approximately ten (10) hours per day for a total of approximately sixty (60) hours per week.

However, despite regularly working in excess of forty (40) hours per week, Plaintiff alleged that he was paid a flat weekly salary of $500.00 per week, save for the last month of his employment when he received $600.00 per week. As such, Plaintiff alleged that: i) his calculated hourly rate of pay of $12.50 per hour fell below the minimum wage rate throughout his employment (save for his final month of work) and ii) his flat weekly salary did not properly compensate him for approximately twenty (20) hours of overtime per week. In total, Plaintiff alleged approximately $56,000.00 in unpaid wages.

Although Plaintiff was confident that he could prevail on all of his claims at trial, Plaintiff's primary concern was the viability of the Defendants' business and whether Plaintiff would ever recover on a judgment even if he were to prevail at a trial at a much later date in the future. Defendants produced financial documents that raised concerns about whether Defendants could afford to pay a greater settlement amount and as to whether this Court had jurisdiction over Plaintiff's claims. Defendants produced additional financial documents and information that supported Plaintiff's decision for a guaranteed lump sum payment following Court approval rather than the uncertainty of trying to collect on a judgment at a much later date in the future.

As such, Plaintiff agreed to accept the settlement amount of $35,000.00 at the Court-annexed mediation.

c. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $35,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter. Additionally, the settlement accounts for the

economic realities of the Defendants. Moreover, the settlement amount was only achieved after mediation before a qualified and experienced Court-appointed mediator with all parties present. The parties had genuine, bona fide disputes over the number of hours worked and the pay received by Plaintiff but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement is appropriately-tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III. Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

### a. Distribution to Plaintiff

The parties agreed to a global settlement of $35,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $22,687.00 after the requested attorneys' fees and expenses.

### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $970.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the cost of the Court-annexed mediation: $300.00
- the costs of attempted and actual service on all Defendants: $268.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($34,030.00), or $11,343.00 in attorneys' fees, as agreed upon in Plaintiff's retainer

agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $12,313.00.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $35,000.00
**Attorneys' Expenses:** $970.00
**Net Settlement Amount:** $34,030.00 ($35,000.00 - $970.00)
**Requested Attorneys' Fees:** $11,343.00 ($34,030.00 / 3)
**Total payable to Attorneys:** $12,313.00 ($11,343.00 + $970.00)
**Total payable to Plaintiff:** $22,687.00 ($35,000.00 - $12,313.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation of this matter and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

### IV.   Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program and a Settlement Conference before the Court. As such, we respectfully request that the Court approve the Settlement Agreement.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.